Henry G. Wykowski (State Bar No. 068255)
Andrew F. Scher (State Bar No. 140571)
**HENRY G. WYKOWSKI & ASSOCIATES**
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: (415) 788-4545
Facsimile: (415) 788-4546

Attorneys for Plaintiff
PATIENTS MUTUAL ASSISTANCE
COLLECTIVE CORPORATION, dba.
HARBORSIDE HEALTH CENTER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATIENTS MUTUAL ASSISTANCE COLLECTIVE CORPORATION, dba HARBORSIDE HEALTH CENTER<br><br>Plaintiff,<br><br>vs.<br><br>THE HERSHEY COMPANY<br>and<br>HERSHEY CHOCOLATE & CONFECTIONARY CORPORATION,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>*Complaint filed:* |

For its complaint, Plaintiff Patients Mutual Assistance Collective Corporation dba Harborside Health Center ("Harborside") by and through its attorneys avers as follows:

**THE PARTIES**

1.   Harborside is a corporation organized under the laws of the State of California, with its principal place of business in Oakland, California, which is within the Northern District of California. Harborside is, and was at all times herein mentioned, qualified to do business in California. Harborside is a medical cannabis collective, operating under permit from the City of Oakland, and in full

1

COMPLAINT FOR DECLARATORY RELIEF; Case No:

1. compliance with California law.

2. Defendant The Hershey Company is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033. The Hershey Company manufactures and sells chocolate and confectionary products.

3. Defendant Hershey Chocolate & Confectionary Corporation is a wholly owned and controlled subsidiary of Defendant, The Hershey Company, and a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 4860 Robb Street, Suite 204, Wheat Ridge, Colorado 80033.  On information and belief, Hershey Chocolate & Confectionary Corporation manages the trademarks held by The Hershey Company.

## NATURE OF ACTION

4. This is an action for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202.  Plaintiff seeks (i) a declaratory judgment that by selling a medical cannabis product called "Jolly Meds", which was manufactured by a third party, without realizing that Hershey's claimed the product infringed its trademarks, and by subsequently ceasing to sell the product promptly upon Hershey's request, Harborside did not act "willfully"; (ii) that as a result of the above, Harborside cannot be held liable to Hershey for damages; (iii) that as a result of the above, Hershey is enjoined from suing or threatening to sue Harborside for trademark infringement; and (iv) that Hershey has no basis to require that Harborside "will never in the future advertise, sell, manufacture, cause to be manufactured or distribute any products or services bearing or using Hershey's Trademarks… including but not limited to" the word marks "BLISS", "CAREFREE", "DAIRY MILK", "HUGS", "ICE CUBES", "KISSES", "MILKSHAKE", "POT OF GOLD", "ROYAL DARK", "SIMPLE PLEASURES", "SPECIAL DARK", "SYMPHONY", and "ZERO".

## VENUE AND JURISDICTION

5. Jurisdiction is proper in this court because this litigation arises under federal law, namely

2

COMPLAINT FOR DECLARATORY RELIEF; Case No:

17 U.S.C. § 1051 et seq. (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

6. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants conduct business in the State of California and within this district, including the advertising and sale of its products to California residents, and including the monitoring, enforcement and licensing of trademark rights, and threats of litigation against others, including Plaintiff, within this State and judicial district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

8. **Intradistrict Assignment.** This action arose in Alameda County. Assignment would be proper in the San Francisco or Oakland divisions of the Court pursuant to Civil L.R. 3-2(c).

9. An actual case or controversy has arisen between the parties. Hershey has threatened litigation against Harborside, and has asserted that Harborside has infringed a trademark owned by Hershey and therefore is liable to Hershey for monetary damages in the form of disgorgement of profits. These statements threaten injury to Harborside.

## GENERAL ALLEGATIONS

**I. Harborside's Business**

10. Harborside was founded in 2006. It is believed to be the largest medical cannabis dispensary in the world.

11. Harborside annually purchases over 250 types of edible products that are made from or contain medicinal cannabis, from third-party manufacturers. Many of these products have unusual, humorous or whimsical names. Harborside does not does not have any role in choosing the names of the third-party edible products that are carried in its dispensary.

12. One of the third-party medicinal cannabis products (a sweet lozenge) that Harborside carried in its dispensary bore the name "Jolly Meds". Harborside had no role in choosing the name or

3

COMPLAINT FOR DECLARATORY RELIEF; Case No:

the packaging of this product.

**II. The Present Dispute**

13.　On or after April 21, 2017, Harborside received a letter from Amy Wright, an attorney at Taft Stettinius & Hollister LLP ("Taft"), counsel to The Hershey Company and its trademark management subsidiary, Hershey Chocolate & Confectionary Corporation (collectively "Hershey"). A copy of that letter is attached as Exhibit A hereto. Ms. Wright's letter informed that Hershey is the exclusive United States licensee of the "JOLLY RANCHER" trademark, which is used by Hershey in connection with the sale of candy and various other products. The letter further informed that it had come to Hershey's attention that Harborside was selling the "Jolly Meds" products on its website. It further informed, in short, that the "Jolly Meds" products infringed Hershey's "JOLLY RANCHER" trademark. The April 21, 2017 letter demanded, *inter alia*, that Harborside cease and desist from all use of the JOLLY RANCHER trademark.

14.　Ms. Wright's letter was the first time Harborside became aware that anyone claimed "Jolly Meds" was an alleged infringement of the JOLLY RANCHER trademark.

15.　After receiving Ms. Wright's letter, Harborside investigated the claims made by Hershey therein. On May 24, 2017, Harborside's trademark counsel, Mary Shapiro, wrote to Ms. Wright as follows: "Our client respects the intellectual property rights of others, and wishes to resolve this matter amicably. Harborside confirms that it has removed the 'Jolly Meds' products, as labeled, from its online and retail stores, and agrees not to sell any lozenges using or incorporating the JOLLY RANCHER mark or the component "JOLLY." To the extent that Harborside is aware that products presented to it by third parties are being offered under marks owned by Hershey or its subsidiaries, Harborside will not use such intellectual property…. Harborside is promptly agreeing to cooperate to the extent possible and has: (1) removed the Jolly Meds products from their online and retail stores. Rather than surrender such products, Harborside is considering an option to relabel the product packaging. (2) notified Jolly Meds of the infringement claim; (3) agreed not so sell any lozenges using 'JOLLY' on labels and packaging."

4

A copy of that letter is attached as Exhibit B hereto.

16. On June 21, 2017, Harborside's counsel, Ms. Shapiro, sent a further letter to Ms. Wright informing that Harborside has relabeled the allegedly infringing products and destroyed all the infringing labels. The letter attached a declaration from Harborside's director of compliance confirming that Harborside no longer possessed any items or labels bearing the "Jolly Meds" mark. A copy of this letter, with the Declaration, is attached hereto as Exhibit C.

17. Despite Harborside's correspondence and its prompt compliance with Hershey's cease and desist request, attorneys from the Taft firm have continued to make further demands on Harborside. One email sent by Taft read, in pertinent part: "While we appreciate that you did not manufacture the infringing product, your client's advertisement and sale of the product in commerce makes your client similarly liable for trademark infringement…" Another email from Taft read: "While we understand that your client did not intend to infringe on our client's famous mark, your client's lack of knowledge of our client's federally registered and famous mark is not a defense."

18. On October 16, 2017, Ms. Wright sent Harborside's counsel a draft document entitled "JOLLY RANCHER Trademark Settlement Agreement". In it, and in the accompanying letter, Hershey's counsel demanded that Harborside pay $20,000.00 "to compensate for its unauthorized past use" of the JOLLY RANCHER mark. Hershey's counsel also demanded that Harborside agree it "will never in the future advertise, sell, manufacture, cause to be manufactured or distribute any products or services bearing or using Hershey's Trademarks… including but not limited to" the word marks "BLISS", "CAREFREE", "DAIRY MILK", "HUGS", "ICE CUBES", "KISSES", "MILKSHAKE", "POT OF GOLD", "ROYAL DARK", "SIMPLE PLEASURES", "SPECIAL DARK", "SYMPHONY", and "ZERO". A copy of this letter, with attached draft settlement agreement, is attached hereto as Exhibit D.

19. On November 27, 2017, another Taft attorney, Jonathan Polak, wrote to Harborside's counsel as follows: "My work for Hershey primarily relates to litigation, and this matter has reached my desk because of its current status. This letter is Hershey's last attempt to reach a resolution with you

5

concerning your client's infringing and unauthorized use of the JOLLY RANCHER trademark. Although your client has removed the Products referenced in our original correspondence from their website, you have not responded to our repeated requests regarding the attached Settlement Agreement." A copy of this letter is attached hereto as Exhibit E.

## CLAIMS FOR RELIEF

## CLAIM ONE

(Declaratory Judgment, 28 U.S.C. § 2201 et seq.)

20. Harborside incorporates by reference the allegations contained in paragraphs 1 through 19, inclusive.

21. Hershey has claimed that that by selling a medical cannabis product called "Jolly Meds", which was manufactured by a third party, without realizing that Hershey's claimed the product infringed its trademarks, and by subsequently ceasing to sell the product promptly upon Hershey's request, Harborside is guilty of trademark infringement, and has threatened to bring a lawsuit against Harborside to recover damages on this basis.

22. An actual, present and justiciable controversy has arisen between Harborside and Hershey concerning Harborside's actions, which were not "willful" in any way and therefore do not form the basis for a recovery of monetary damages by Hershey.

23. Harborside seeks declaratory judgment from this Court that (i) by selling a medical cannabis product called "Jolly Meds", which was manufactured by a third party, without realizing that Hershey's claimed the product infringed its trademarks, and by subsequently ceasing to sell the product promptly upon Hershey's request, Harborside did not act "willfully"; (ii) that as a result of the above, Harborside cannot be held liable to Hershey for damages; (iii) that as a result of the above, Hershey is enjoined from suing or threatening to sue Harborside for trademark infringement; and (iv) that Hershey has no basis to require that Harborside "will never in the future advertise, sell, manufacture, cause to be manufactured or distribute any products or services bearing or using Hershey's Trademarks… including

but not limited to" the word marks "BLISS", "CAREFREE", "DAIRY MILK", "HUGS", "ICE CUBES", "KISSES", "MILKSHAKE", "POT OF GOLD", "ROYAL DARK", "SIMPLE PLEASURES", "SPECIAL DARK", "SYMPHONY", and "ZERO".

## PRAYER FOR RELIEF

WHEREFORE, Harborside respectfully requests that the Court:

1. Enter judgment according to the declaratory relief sought;

2. Award Harborside its reasonable attorneys' fees and costs in this action;

3. Enter such other further relief to which Harborside may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Harborside hereby demands a jury trial on all issues so triable.

Dated: December 18, 2017                    HENRY G. WYKOWSKI AND ASSOCIATES

By: S/ Henry G. Wykowski
    Henry G. Wykowski, Esq.
    *Attorneys for Plaintiff*
    Patients Mutual Assistance Collective Corporation
    dba Harborside Health Center

7

COMPLAINT FOR DECLARATORY RELIEF; Case No:

8

COMPLAINT FOR DECLARATORY RELIEF; Case No: